IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN PAUL WOODRUFF, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-06-2310 |
| v. : | |
| : | (Judge Caputo) |
| TROY WILLIAMSON, : | |
| : | |
| Respondent : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On March 12, 2009, this Court issued a Memorandum and Order dismissing Kevin Paul Woodruff's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as well as his motion to supplement his habeas corpus petition and motion to expedite. (Doc. 33, Order.) In addressing Mr. Woodruff's petition, the Court noted that several of his claims (racial discrimination, denial of medical care and allegations of his retaliatory placement in USP-Lewisburg's Special Management Unit (SMU)) were not cognizable under 28 U.S.C. § 2241. The Court also denied Mr. Woodruff's claims of substantive due process violations related to his numerous disciplinary proceedings after concluding that he had received all due process protections required and that more than "some evidence" was found in the record to support a finding of guilt as to each charge. This Court also denied Mr. Woodruff's sentence computation claim finding that the Bureau of Prisons (BOP) had properly calculated his prior custody credit and good conduct time. (*Id.*) The matter presently proceeds on a motion for reconsideration filed by Mr. Woodruff on

March 25, 2009. (Doc. 34, Mot. for Reconsideration.)

A motion to alter or amend is a device of limited utility. It may be used only to remedy manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). A losing party may not use a motion for reconsideration to raise new arguments or supporting facts that it could have raised previously, but did not. *McDowell Oil Serv., Inc. V. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).

The motion, however, may also be appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error, not of reasoning, but of apprehension." *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). Finally, "[b]ecause federal courts have a strong interest in the finality of

judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Only where extraordinary circumstances are present should relief under Rule 60(b) be granted. *Bohus v. Beloff*, 95 F.2d 919, 930 (3d Cir. 1991).

In the instant case, Mr. Woodruff fails to meet this standard. The sole issue raised in Kevin Woodruff's Motion for Reconsideration is the Court's alleged failure to address his Motion to Supplement. In that motion, Mr. Woodruff sought to challenge the constitutionality of 18 U.S.C. § 4081, the statute upon which the BOP relies to classify inmates.[1] (*See* Doc. 29, Mot. to Supplement; and Doc. 35, Mot. for Reconsideration.)

Mr. Woodruff's Motion to Supplement was filed March 29, 2009. Documents attached to the motion reveal that Mr. Woodruff exhausted his administrative remedies with respect to his constitutional challenge to the statute in November 2004 when the BOP's Central Office denied the request at final review. (Doc. 29 at

---

[1] 18 U.S.C. § 4081, entitled "Classification and treatment of prisoners," states:

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

*See* 18 U.S.C. § 4081.

R. 14.)² Although aware of the foundation of his challenge to 18 U.S.C. 4081 for more than a year before he filed his habeas petition, Kevin Woodruff inexplicably did not raise it in his original petition. Instead, his motion to supplement was filed more than 2 years, 3 months and 25 days after the filing of his habeas corpus petition; more than 2 years and 24 days after the Respondent responded to the petition; and more than 1 year and 11 months after he filed his traverse to Respondent's response. (*See* Docs. 1, 15 and 22.) At this procedural posture, any amendment to the petition is not as of right. Rather, he must obtain consent of the opposing party or the Court. *See* Fed. R. Civ. P. 15(a)(2). While leave is to be granted liberally, a leave to amend may be denied if the Court finds undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 222 (1962); *Alvin v. Suziki*, 227 F.3d 107, 121 (3d Cir. 2000). Here, Kevin Woodruff's inexplicable delay in amending his petition to include his constitutional challenge to 18 U.S.C. § 4081, a claim that was known to him prior to filing his habeas petition, will not be rewarded by way of granting the instant motion. Nevertheless, Kevin Woodruff's challenge to the constitutionality of the statute as a basis to assert a due process violation against the BOP for its choice of institutions in which to house him, or even his placement in the SMU, is without merit. It is well established that Kevin Woodruff has no constitutional right to confinement in any particular prison. *See*

---

² Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

*Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). It is also well-settled that an inmate has no recognizable constitutional right to a particular custody status. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997). Regardless, such claims are not properly raised pursuant to 28 U.S.C. § 2241. As the amendment was untimely, and fails to state a viable claim, the Court's denial of Kevin Woodruff's Motion to Supplement was not in error.

**ACCORDINGLY, THIS 11th DAY OF SEPTEMBER, 2009, IT IS HEREBY ORDERED THAT** Kevin Woodruff's Motion for Reconsideration (doc. 34) is **DENIED**.

                                                /s/ A. Richard Caputo
                                                **A. RICHARD CAPUTO**
                                                **United States District Judge**